NO. 07-07-0025-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

APRIL 15, 2008

______________________________

DONNY KEVIN DAVIS, 

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 108
TH
 DISTRICT COURT OF POTTER COUNTY;

NO. 53,837-E; HON. ABE LOPEZ, PRESIDING

_______________________________

Memorandum Opinion After Abatement

_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Per our former opinion, we remanded this cause to the trial court with directions that it convene a hearing upon the motion for new trial filed by Donny Kevin Davis.  At that time, the trial court was to determine whether Davis received ineffective assistance of counsel because his trial attorney did not request or object to the omission of an accomplice witness instruction.  
After concluding that trial counsel’s “omission did not constitute deficient performance” and appellant “was not prejudiced by the omission,” the trial court denied the motion.  Finding no error in that decision, we affirm the final judgment.

Assuming 
arguendo
 that the failure to request an accomplice witness instruction constitutes defective performance,
 see
 
Henson v. State
, 915 S.W.2d 186, 197 (Tex. App.–Corpus Christi 1996, no pet.) (so holding), the evidence unrelated to the accomplice’s testimony sufficed to connect appellant to the crime charged.  So too did it, by itself, provide sufficient basis upon which a jury could rationally conclude, beyond reasonable doubt, that appellant committed the burglary.  Indeed, we concluded as much in our prior opinion, 
see Davis v. State, 
No. 07-07-0025-CR, 2008 Tex. App. 
Lexis
 53 (Tex. App.– Amarillo January 4, 2008, no pet. h.), as did the trial court in its findings of fact and conclusions of law.  Given this, we now hold that there was not a reasonable probability that the outcome would have differed had the omission not occurred; consequently, the trial court did not err in denying a new trial.  
See Henson v. State
, 915 S.W.2d at 197 (holding that if there is a reasonable possibility that a rational jury would convict the defendant without the accomplice witness testimony, then trial counsel’s omission is not reversible error); 
accord Cunningham v. State
, No. 06-05-0215-CR, 2006 Tex. App. 
Lexis
 8206 at *6 (Tex. App.–Texarkana, September 19, 2006, pet. ref’d) (concluding similarly). 

By this opinion, we have resolved all issues pending in this appeal and affirm the judgment of the trial court.

Brian Quinn

          Chief Justice

Do not publish.